APPEAL — WHO MAY APPEAL — INTEREST IN SUBJECT-MATTER.

An ex parte judgment sending heirs into possession cannot affect the right of the state to claim the inheritance tax, if one is due; hence the state is without interest, and without stand to appeal from such an order.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

In the matter of the succession of Louis August Schirm. From an order placing the heir in possession, the state appeals. Dismissed.

James Porter Parker, Dist. Atty., and Mark Mayo Boatner, Asst. Dist. Atty., for the State. Dart & Kernan, for appellee.

PROVOSTY, J. By Act No. 45, p. 102, 1904, an inheritance tax is imposed upon succession property that has not borne its just share of taxation, and the duty is imposed on judges to require "satisfactory" proof that the estate is not liable to the inheritance tax before granting an order placing the heir in possession.

In this case the heir was sent into possession on an ex parte petition, supported by affidavit, to the effect that the property of the succession was of less value than $2,500 and had borne its just share of taxation, and that there were no debts, and that an administration was unnecessary. What the property consisted of was not stated.

The state has appealed, and complains that the proof on which the order of possession was rendered was not "satisfactory," within the meaning of the above-mentioned statute, because, unless the judge is informed of what the property consists, he cannot, in the nature of things, know what its value is.

We cannot see why not. If the witnesses know and testify, and the judge believes them, we can see no reason why the proof should not be "satisfactory." But the objection to the state's appeal lies deeper than that. The state cannot be affected one way or the other by the ex parte order, and therefore is without interest to appeal.

Appeal dismissed.

(41 South. 54.)

No. 15,872.

HUNLEY v. A. L. PATTERSON & CO.

116
f122    736
610

(April 9, 1906.)

MASTER AND SERVANT—INJURY TO SERVANT—ASSUMPTION OF RISK.

The servant has the right to rely upon the superior knowledge of the master, and when acting under his orders will not be held to have assumed a risk, unless it was so evident that no prudent person in his place would have obeyed the order.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 675, 676.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Marshal Hunley against A. L. Patterson & Company. Judgment for plaintiff, and defendants appeal. Affirmed.

John Janvier and Miller, Dufour & Dufour, for appellants. Nicholas Eugéne Humphrey, for appellee.

PROVOSTY, J. The plaintiff and other laborers, under a foreman, were laying a sewer pipe in a street. The rules were to brace the sides of the trench, so as to prevent them from falling in when the pipe was being laid; but the bracing material had given out, and the plaintiff, whose part it was to get into the trench and steady the joint of pipe as it was moved into position, hesitated to go in, and said to the foreman: "It looks kind of dangerous." The foreman answered: "That's nothing, I think

that's solid enough; go ahead." The sides fell in on plaintiff, and injured his leg.

The plaintiff had been doing the same kind of work for eight months, and the contention is that he knew of the danger and assumed the risk.

The plaintiff is a colored laborer, and was working under the directions of a white foreman. The trench was six feet deep. We think the case is a plain one for the application of the rule that the servant has the right to assume superior knowledge on the part of those under whose orders he is working. A. & E. Ency. of Law, vol. 20, p. 148. The danger was not so evident that plaintiff might not have relied on the supposedly better judgment of the foreman, or that no prudent man would have obeyed the foreman. One of plaintiff's fellow workmen went into the ditch with him, showing that he, too, did not consider the situation sufficiently perilous to justify opposition to the orders of the foreman.

Judgment affirmed.