LAND, J.
This is a suit for damages for personal injuries sustained by the plaintiff while working in the stavemill of the defendant. The fact that plaintiff was injured by the breaking of two belts is not disputed, but the special defense is set up that plaintiff was employed only as a grader of staves, and when injured was doing work of his own volition beyond the scope of his employment, after working hours, and after having been warned of the danger by a fellow servant. Plaintiff’s arm was badly fractured, he lost two fingers, and his little finger was crippled. There was a verdict in favor of the plaintiff for $2,500. Erom a judgment pursuant to the verdict, the defendant has appealed.
While plaintiff may have been hired to grade staves, he performed other duties, such as oiling machinery, repairing and adjusting belts. Plaintiff testified that he was instructed by the foreman in charge of the mill to perform such additional duties. This evidence was not contradicted.
Plaintiff’s work of grading staves was done at or near the planer, which was operated by another man. Erom the power shaft two six-inch belts ran to an overhead counter-shaft, and thence to the planer. On the countershaft were two loose pulleys intended to receive the belts when they were shifted from the two fixed pulleys on the same shaft. But no lever was provided for the shifting of the belts in this manner. The two belts were shifted on the power shaft under such conditions that both of them necessarily fell on the shaft on the same side of -the right-hand pulley. When thus shifted, the belts would frequently become lapped and wedged together, their combined weight producing undue pressure against the revolving shaft, resulting in a friction which at times evolved sufficient heat to scorch and b.um the belts.
To plaintiff the foreman assigned the task of shifting the belts on the power shaft, and of separating them whenever it became apparent that they were being scorched.
On the evening of the accident, plaintiff, observing that the belts were burning, proceeded to separate theni in the usual manner by pulling on the lower one. While so engaged, the belts became fast to the shaft and were wound around it. The belts were broken, and plaintiff’s arm was fractured and his hand lacerated.
We do not think that there can be any serious dispute as to.the negligence of the defendant. The countershaft was provided with loose pulleys for the express purpose of shifting the belts. Defendant failed and neglected to provide a lever necessary for the proper shifting’of the belts. This appli-anee, costing a dollar or two, if it had been *609 provided and used would have prevented any danger to the employé engaged in shifting the belts. Instead of furnishing this appliance, the defendant resorted to the crude, clumsy, and dangerous expedient of shifting the belts on the power shaft, which was not intended or fit for such purpose.
The special defense that the plaintiff was at the time of the accident doing something beyond the scope of his employment is not sustained by the evidence. It is true that plaintiff was hired to grade staves, but at the same time he was placed under the orders of the foreman of the mill, who instructed him to oil the machinery, to shift the belts, and to separate them when necessary. Plaintiff was working by the day, and it was certainly competent for the foreman to assign him duties that did not conflict with his special task of grading staves.
Contributory negligence was not pleaded, but it is argued that it is shown by the evidence. We do not think so. Plaintiff testified that he was attempting to separate the belts in the usual manner by pulling with his hands, and that this result could not have been accomplished in any other manner. There is no sufficient evidence to the contrary. The only color for this contention is the testimony of several witnesses to the effect that soon after the accident the plaintiff, in answer to questions, said that he was careless or at fault. Plaintiff while suffering from his recent wounds was in no condition to be interrogated on the subject. He told the attending surgeon that he did not know the cause .of the accident any more than his carelessness. He replied to another witness that he was partly in fault because “he could have left the belts alone.” Two of the witnesses testified that plaintiff added that he had done the same work repeatedly. Plaintiff testified that he had no recollection of making any such statements. Be that as it may, the evidence shows that the direct and proximate cause of the injury was the unexpected winding up and’ breaking of the belts. Plaintiff had no reason to anticipate such an occurrence, and was not warned or instructed to handle the belts in any particular way to avoid injury. A general warning not to touch live belts had no application. The warning of a fellow servant to let the belt alone because it was the' foreman’s business to handle them was not heard by the plaintiff, and, if it had been, would have conveyed no indication of any particular danger. The foreman was not a witness in the case, nor was his deposition taken. That plaintiff, as a matter of fact, and as a part of his regular employment, shifted the belts and separated them when necessary, all under the eye of the foreman, cannot be disputed. That plaintiff was acting under the orders of the foreman is shown by the res gestae, and is proven by his uncontradicted testimony. It is idle to talk of the assumption of risks under such circumstances. The danger was not obvious to the unskilled workman, and, even had some danger been apparent, the plaintiff had the right to rely upon the .superior knowledge of the foreman under whose orders he was working. Hunley v. Patterson & Co., 116 La. 736, 41 South. 64.
Judgment affirmed.